**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JERMELL THOMAS**                                                                            **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:26-cv-3-RPC-JMV**

**BOLIVAR COUNTY, MISSISSIPPI,**
**et al.**                                                                                    **DEFENDANTS**

MEMORANDUM OPINION

Before the Court is Defendants Bolivar County, Mississippi; Kenny Edwards Scott; and Bolivar County Regional Correctional Facility's [4] Motion to Dismiss. Also before the Court is Plaintiff Jermell Thomas's [14] Motion for Leave to Amend Complaint. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's Motion for Leave to Amend Complaint is **DENIED**. Plaintiff's claims arising under federal law are **DISMISSED**, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, which are hereby **REMANDED** to the Circuit Court of Bolivar County, Mississippi.

**I.      BACKGROUND**

Plaintiff filed his Complaint in the Circuit Court of Bolivar County on December 8, 2025, asserting claims under 42 U.S.C. § 1983 and the Mississippi Tort Claims Act. *See* [Doc. 2]. On January 7, 2026, Defendants Kenny Edwards Scott (Scott)[1], Bolivar County, Mississippi (the County), and the Bolivar County Regional Correctional Facility[2] (collectively "Defendants") filed a Notice of Removal pursuant to 28 U.S.C. § 1331 and 1441. *See* [Doc. 1]. One week later, on

---

[1] Scott is incorrectly identified in the Complaint as "Kenny Edwards" and will be referred to in this opinion as "Officer Scott." *See* [5] at 1.

[2] Bolivar County Regional Correctional Facility is incorrectly identified in the Complaint as "Bolivar County Regional Corrections." *See* [5] at 1.

1

January 14, 2026, Defendants filed their Motion to Dismiss for Failure to State a Claim. *See* [Doc. 4]. The Court subsequently stayed the proceedings pending resolution of Defendants' Motion to Dismiss. *See* [Doc. 9].

The Plaintiff originally did not file a response within the time allowed under the local rules. As a result, on April 1, 2026, almost three months after the Motion to Dismiss was filed, the Court directed Plaintiff to file a response to the Motion to Dismiss on or before April 13, 2026, if he wished to have a response considered. *See* [Doc. 12].[3] Plaintiff filed his response on April 13, shortly after 5:00 p.m. *See* [Doc. 13]. That same day, Plaintiff also, for the first time, filed a Motion to Amend the Complaint. *See* [Doc. 14]. On April 20, 2026, Defendants filed their reply to Plaintiff's response. *See* [Doc. 15]. A week later, on April 27, 2026, Defendants filed their Response in Opposition to Plaintiff's motion to amend. *See* [Doc. 16].

Plaintiff's [13] Response does not address many of the arguments raised in the Defendants' Motion to Dismiss. Rather, it largely argues about Defendants' reading of the Complaint and asserts Plaintiff's request for leave to amend the complaint. The Motion to Amend the Complaint is addressed herein.

The factual allegations in the Complaint are as follows. Plaintiff alleges that, on September 6, 2024, he was being "transported" in a Bolivar County vehicle driven by Officer Scott when Scott lost control of the vehicle, causing it to leave the roadway and resulting in "serious injuries" to Plaintiff. [Doc. 2 ¶¶ 6-8]. Plaintiff alleges that Scott "failed to keep a proper lookout, failed to yield [to] traffic, and failed to obey the rules of the road, causing the vehicle to lose control and drive into a ditch." *Id.* at ¶ 9. Plaintiff further alleges that Scott "was either in the course and scope

---

[3] The Court's [12] Order emphasized that "Plaintiff's response was due fourteen (14) days after the filing of the Motion pursuant to L.U. Civ. R. 7(b)(4)." The response was due on or before January 29, 2026.

of his employment…or on a personal errand" at the time of the accident and "acted with reckless disregard" for Plaintiff's safety. *Id.* ¶¶ 9, 13. Based on these allegations, Plaintiff asserts that the Defendants breached their duty to Plaintiff to operate the vehicle in a safe and prudent manner, both negligently and with reckless disregard. *Id.* ¶¶ 14-15.

Defendants advance several arguments in support of dismissal. First, they contend that Bolivar County Regional Correctional Facility is not a legal entity capable of being sued and should be dismissed as an improper party. Second, Defendants assert multiple theories of immunity, including that all Defendants are immune from Plaintiff's state law claims under the Mississippi Tort Claims Act (MTCA) and that Officer Scott is entitled to qualified immunity. Lastly, Defendants argue that Plaintiff has failed to plead a ***Monell***[4] claim against the County under 42 U.S.C. § 1983.

## II.     ANALYSIS

### A.     Fed. R. Civ. P. 12(b)(6) Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***In re Great Lakes Dredge & Dock Co. LLC***, 624 F.3d 201, 210 (5th Cir. 2010) (quoting ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. ***Shakeri v. ADT Sec. Servs., Inc.***, 816 F.3d 283, 290 (5th Cir. 2016); *see also* ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." ***Iqbal***, 556 U.S. at 678. While a complaint does not need detailed factual contentions, the "allegations must be enough

---

[4] *See* ***Monell v. Dep't of Soc. Servs. of City of New York***, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Accordingly, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (quotation omitted). "When confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead facts which, if proved, would defeat the claim of immunity." *Murry v. City of Indianola*, 2024 U.S. Dist. LEXIS 186614, at *16-17 (N.D. Miss. July 19, 2024) (quoting *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2003)); *see also Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019).

### B. Qualified Immunity

Officer Scott asserts that he is entitled to qualified immunity. Qualified immunity shields government officials such as Scott from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions."). When a defendant invokes the defense, "a plaintiff has the burden of establishing a constitutional violation and overcoming the defense." *Paixao v. City of Greenwood*, 2024 U.S. Dist. LEXIS 1199, at *7 (N.D. Miss. Jan. 2, 2024) (citing *Jackson v. City of Hearne*, 959 F.3d 194, 201 (5th Cir. 2020); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2020) (per curiam) (en banc)).

"To determine whether a public official is entitled to qualified immunity, courts decide (1) whether the facts the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged

4

misconduct." ***Triplett v. Swindle***, No. 1:24-cv-201-GHD-RP, 2026 U.S. Dist. LEXIS 6505, at *5 (N.D. Miss. Jan. 12, 2026) (citing ***Doe v. Jewell***, 151 F.4th 236, 244-45 (5th Cir. 2022) (internal quotation marks omitted). The Court's first and threshold inquiry is whether the facts alleged, taken as true, make out a violation of a constitutional right. "Crucially, a plaintiff's inability to establish an underlying constitutional violation forecloses any chance of recovery against an individual defendant who asserts qualified immunity." ***Id.*** (citing ***Hathaway v. Bazany***, 507 F.3d 312, 320 (5th Cir. 2007)). The Plaintiff carries the burden of demonstrating that qualified immunity is inappropriate. ***Terwilliger v. Reyna***, 4 F.4th 270, 284 (5th Cir. 2021).

Here, Plaintiff failed to plausibly allege that Officer Scott violated his constitutional rights. The Complaint asserts that Scott failed to keep a proper lookout, failed to yield to traffic, and failed to obey traffic laws, resulting in an accident. [Doc. 2, ¶ 9]. These allegations, even accepted as true, sound in negligence—or at most gross negligence—and therefore do not give rise to a constitutional violation actionable under 42 U.S.C. § 1983. *See **Daniels v. Williams***, 474 U.S. 327, 332-36, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (rejecting contention that § 1983 embraces tort concepts of negligence); ***Hare v. City of Corinth***, 74 F.3d 633, 645 (5th Cir. 1997) (recognizing constitutional standard for § 1983 claims must be more than negligence or gross negligence).

Additionally, Plaintiff failed to address Defendant's argument that qualified immunity applies, so he has not met his burden of demonstrating that qualified immunity is inapplicable.[5] ***Macon v. Phila. Police Dep't***, No. 3:24-cv-807-DPJ-ASH, 2026 U.S. Dist. LEXIS 7113, at *6 (S.D. Miss. Jan. 14, 2026); *see also **Murry***, 2024 U.S. Dist. LEXIS 186614, at *32 (holding that plaintiff not responding to defendants' arguments against § 1983 liability waived those claims); ***McClelland v. Katy Indep. Sch. Dist.***, 63 F.4th 996, 1010 (5th Cir. 2023) ("[A] party abandons a

---

[5] Plaintiff's [13] Response does not rebut or otherwise address Defendant's qualified immunity argument.

claim by failing to defend it in response to motions to dismiss."). The Complaint contains no factual allegations plausibly suggesting that Officer Scott violated Plaintiff's constitutional rights. For this reason, the first prong of the qualified immunity analysis—whether a constitutional violation occurred—has not been satisfied by Plaintiff, and any federal law claims against Officer Scott in his individual capacity must be dismissed.

To the extent Plaintiff asserts claims against Officer Scott in his official capacity, those claims likewise fail. "[S]uits against officers in their official capacities are tantamount to suits against the municipality." *Harmon v. City of Ocean Springs*, No. 1:24-cv-242-HSO-RPM, 2025 U.S. Dist. LEXIS 141661, at \*9 (S.D. Miss. July 24, 2025) (*citing Monell*, 436 U.S. 658 at 690 n.55). Because the County is a defendant to this action, any official capacity claim against Officer Scott would be redundant of those against the County and should also be dismissed. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010). For these reasons, Plaintiff's federal law claims against Officer Scott are dismissed.

### C. Bolivar County Regional Correctional Facility is an Improper Party

Bolivar County Regional Correctional Facility's capacity to be sued is determined according to state law. Fed. R. Civ. P. 17(b)(3). "Under Mississippi law, a jail is not a separate legal entity capable of being sued; rather, it is considered an extension of the county." *Battle v. Hinds Cnty. Det. Ctr.*, No. 3:24-cv-168-KHJ-MTP, 2024 U.S. Dist. LEXIS 212920, at \*4 (S.D. Miss. Nov. 22, 2024) (citing *Tuesno v. Jackson*, No. 5:08-cv-302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416, at \*1 (S.D. Miss. Apr. 30, 2009)); *see also Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006). For this reason, the correctional facility is not a proper party, and all claims against it must be dismissed with prejudice.

### D. Federal Law Claims

Plaintiff asserts a cause of action pursuant to 42 U.S.C. § 1983. The Complaint alleges that the Defendants:

> acted with deliberate indifference under 42 U.S.C. § 1983 towards the Plaintiff by: (a) failing to keep a proper lookout…;(b) driving the aforesaid vehicle in a reckless and indifferent manner; (c) failing to keep the vehicle under proper control; (d) failing to yield to the traffic; (e) failing to follow the [r]ules of the [r]oad in Mississippi; and (f) in other respects as will be shown at the trial of this cause.

[Doc. 2 ¶ 30] (misnumbered as ¶ 17).

In response, Defendants argue that Plaintiff has failed to allege a violation of his constitutional rights. In the alternative, Defendants argues that even if a constitutional violation has been alleged, it is not clearly established as required by Fifth Circuit and Supreme Court precedent. Plaintiff's [13] Response addresses neither argument.

It is also unclear from the face of the Complaint whether Plaintiff intends to assert his § 1983 claim against Officer Scott, the County, or both. As discussed above, Officer Scott is entitled to qualified immunity from individual liability. Accordingly, the Court addresses only the § 1983 claim(s) asserted against the County.

"Under § 1983, municipalities 'cannot be found liable on a theory of vicarious liability or *respondeat superior*.'" ***Jones v. City of Hutto***, 154 F.4th 332, 336 (5th Cir. 2025) (citing ***St. Maron Props., L.L.C. v. City of Hous.***, 78 F.4th 754, 759-60 (5th Cir. 2023)). Any alleged unconstitutional conduct must be "directly attributable to the municipality through some sort of official action or imprimatur," meaning "isolated unconstitutional actions by municipal employees will almost never trigger liability" on behalf of the municipality. ***Webb v. Town of Saint Joseph***, 925 F.3d 209, 214 (5th Cir. 2019). To state a plausible claim against the County under § 1983, Plaintiff must allege and establish that "(1) an official policy (2) promulgated by the municipal policy maker (3) was the moving force behind the violation of a constitutional right." ***Id***. "Without a predicate

constitutional violation, there can be no *Monell* liability." **Rockette v. Carpenter Mgmt. Co.**, 2026 U.S. Dist. LEXIS 52354, at *12-13 (N.D. Miss. Mar. 13, 2026) (quoting **Loftin v. City of Prentiss, Miss.**, 33 F.4th 774, 783 (5th Cir. 2022)). Put differently, the County "cannot be liable for causing…a constitutional violation if no violation occurred." **Perdomo v. City of League City**, 163 F.4th 921, 926 (5th Cir. 2026).

Plaintiff has failed to allege any facts showing that the alleged constitutional violation, if any, resulted from an official policy, custom, or practice of Bolivar County promulgated or ratified by a policymaker with actual or constructive knowledge. *See* **Bellard v. Gautreaux**, 675 F.3d 454, 462 (5th Cir. 2012) (holding that plaintiff must identify policy or custom and policy maker with actual or constructive knowledge to establish § 1983 municipal liability) (citing **Monell**, 436 U.S. at 694)). The Complaint does not identify a policy, custom, or practice related to the alleged conduct or Plaintiff's injuries, nor does it even include allegations of such a policy. Plaintiff also fails to allege that any such policy was the moving force behind a constitutional violation. Lastly, the Complaint does not allege any actual violation of Plaintiff's constitutional rights. Without allegations establishing both a constitutional violation and a causal policy or practice, Plaintiff's § 1983 claims against the County fail as a matter of law and must be dismissed.

### E.    Motion for Leave to Amend

Plaintiff also requests leave to amend the complaint, first in the [13] Response to the Motion to Dismiss and again in his separately filed [14] Motion for Leave to Amend Complaint.

Leave to amend should be given "when justice so requires," and ""[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court." **Scott v. U.S. Bank. Nat'l Ass'n**, 16 F.4th 1204, 1209 (5th Cir. 2021) (citing Fed. R. Civ. P. 15(a)(2)); **Young v. U.S. Postal Service ex rel. Donahoe**, 620 F. App'x 241, 245 (5th Cir. 2015) (citation omitted).

8

Relevant considerations include, but are not limited to, undue delay by the movant and futility of the amendment. *See **Smith v. EMC Corp.***, 393 F.3d 590, 595 (5th Cir. 2004).

Although Plaintiff originally filed his complaint in Mississippi State court, which applies a more lenient pleading standard, federal pleading standards control upon removal. *See **Peña v. City of Rio Grande City***, 879 F.3d 613, 617 (5th Cir. 2018). The Fifth Circuit has recognized that removal from a notice-pleading jurisdiction may be a "natural time" for amendment. ***Id***. Even so, a plaintiff seeking leave to amend must still provide the Court with "some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects." ***Scott***, 16 F.4th at 1209. "Otherwise, the absence of any proposed amendments, compounded by the lack of grounds for such an amendment justifies a district court's denial of leave to amend." ***Johnson v. Tyson Foods, Inc.***, 2023 U.S. App. LEXIS 7247, 2023 WL 2645553, at *4 (5th Cir. 2023) (internal citation and quotation marks omitted).

Amendment is not warranted in this case for several reasons. First, Plaintiff has been aware of the arguments raised in the Motion to Dismiss since January 14, 2026, yet failed to file any response—let alone a motion to amend—until three months later, and only after the Court directed him to do so. *See* [Doc. 4].[6] Second, Plaintiff's request to amend the complaint violates L.U. CIV. R. 7(b)(2) and L.U. CIV. R. 15, each of which requires a Plaintiff seeking leave to amend to file "a proposed amended pleading" as "an exhibit to a motion for leave to file the pleading." Plaintiff failed to attach a proposed amended complaint as required by the local rules.[7] If a plaintiff does

---

[6] The Court further notes that Plaintiff had the opportunity to amend his Complaint once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) within twenty-one days after service of Defendants' Motion to Dismiss. Defendants filed their Motion to Dismiss on January 14, 2026. See [Doc. 4]. Plaintiff did not amend within that period and instead waited approximately three months—until after the Court directed him to respond to the Motion to Dismiss—before seeking leave to amend.

[7] "Denial of leave to amend is reasonable where the plaintiff fails to comply with the local rules." ***Young***, 620 F. App'x at 245 n.8 (citation omitted).

not provide the Court with a copy of the amended complaint, the district court may deny leave. *See **McKinney v. Irving Indep. Sch. Dist.***, 309 F.3d 308, 315 (5th Cir. 2002).

Even if an amended complaint is not provided, plaintiffs must "give the court at least some notice of what his...amendments would be and how those amendments would cure the initial complaint's defects." ***Banda v. City of McAllen***, 2025 U.S. App. LEXIS 28917, at *12 (5th Cir. Nov. 4, 2025) (quoting ***Thomas v. Chevron U.S.A., Inc.***, 832 F.3d 586, 590 (5th Cir. 2016)). Here, Plaintiff merely asks for permission to file a pleading that "more specifically states his allegations, clarifies the claims asserted, and identifies the parties and capacities intended to be asserted." [Doc. 14, at 1]. Such conclusory assertions, without specifics, leave the court unable to determine the importance of the request or what would be accomplished by the amendment. ***Kovalchuk v. Wilmington Sav. Fund Soc'y***, 528 F.Supp.3d 647, 654 (E.D. Texas 2021); *see also **Molina-Aranda v. Black Magic Enterprises, L.L.C.***, 983 F.3d 779, 789 (5th Cir. 2020).[8]

The motion further confuses the issue. The problems with the Complaint are not technicalities of state court versus federal court pleading requirements. The Complaint is thorough enough. It simply does not state a claim. Regardless, the threadbare motion, without the benefit of the proposed amended pleading, is of no help to the Court. For these reasons, the Court declines to afford the Plaintiff an opportunity to amend his Complaint.

### F. Remaining State Law Claims

As explained herein, this action was originally filed in the Circuit Court of Bolivar County, Mississippi. *See* [Doc. 2]. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1331 and 1441. *See* [Doc. 1].

---

[8] *See **Johnson***, 2023 WL 2645553, at *4 (holding that, in a removal case, a district court does not abuse its discretion in denying leave to amend where plaintiffs make only a bare request without proposing specific amendments or identifying additional facts that would cure pleading deficiencies. Plaintiff's request to amend in the event their claims needed "additional clarification" was deemed insufficient.).

In addition to the dismissed claims arising under federal law, Plaintiff also asserts a negligence/reckless indifference claim pursuant to the Mississippi Tort Claims Act. Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim" when "the district court has dismissed all claims over which it has original jurisdiction." The Court's "decision to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009) (citing 28 U.S.C. § 1367(c)). This includes remanding the case to state court. *See, e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 383 U.S. 343, 351, 108 S. Ct. 614, 98 L. Ed. 2d. 270 (1988) (noting that when a district court relinquishes jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court).

The Fifth Circuit has set forth several statutory and common law factors Court are to apply when deciding whether to exercise supplemental jurisdiction. *Davis v. City of Vicksburg*, No. 3:13-cv-886-DCB-MTP, 2015 U.S. Dist. LEXIS 90611, at *14 (S.D. Miss. July 13, 2015) (citing *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011)). Courts in the Fifth Circuit treat the following four categories as the "statutory factors" for consideration: (1) whether the claim raises a novel or complex issue of state law; (2) whether the claim predominates over the claims which the district court has original jurisdiction; (3) if the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Enochs*, 641 F.3d at 159 (citing 28 U.S.C. § 1367(c)(3)).

As to the first factor, this Court has recognized that whether an officer's actions occurred within the course and scope of her employment and whether she exercised reckless disregard present "difficult state law issues under the MTCA." *Kimbriel v. City of Greenville*, No. 4:14-cv-

11

26-SA-JMV, 2015 U.S. Dist. LEXIS 76478, at *7-8 (N.D. Miss. June 12, 2025). The second and third factors also weigh against exercising jurisdiction in this case because the federal claims have been dismissed, leaving the state law claims to predominate. *Enochs*, 641 F.3d at 159 (finding that "state law claims predominate over the non-existent federal claims"). Thus, the statutory factors weigh in favor of remanding the case back to the circuit court.

Similarly, the "common law" factors courts in the Fifth Circuit are required to consider include "judicial economy, convenience, fairness, and comity." *Enochs*, 641 F.3d at 159 (citation omitted). For the judicial economy factor, the Fifth Circuit has held that district courts should not decline jurisdiction if a "significant amount of judicial resources" have already been expended deciding the case. *Brookshire Bros. Holding Inc. v. Dayco Prods. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Here, significant judicial resources have not been expended. From a procedural standpoint, this case remains at an early stage, as a case management order has not been entered, no discovery has taken place, and the case was recently filed in January of this year. *See, e.g. Est. of Parker v. Miss. Dep't of Pub. Safety*, 278 F. Supp. 3d 372, 393 (S.D. Miss. 2024); *Knox v. City of Gautier*, No. 1:18-cv-220-HSO-JCG, 2021 U.S. Dist. LEXIS 26316, at *27 (S.D. Miss. Feb. 11, 2021).

As for convenience, the complaint alleges that "the subject incident occurred in Hinds County." [Doc. 2. ¶ 5]. However, all parties are residents of Bolivar County, Mississippi, which provides a more convenient venue. *Id.* ¶¶ 1-4; *See Davis*, 2015 U.S. Dist. LEXIS 90611, at *14. This favors remand to the Circuit Court of Bolivar County. As for the fairness factor, the Fifth Circuit has held it to be "fair" for state law claims to be resolved in state court, which will be the result here if the case is remanded. *Enochs*, 641 F.3d at 160. "Finally, insofar as federal courts are 'not so well equipped for determinations of state law as are state courts,' the fourth common law

factor of comity is served on remand." ***Thompson v. Beasley***, 309 F.R.D. 236, 251 (N.D. Miss. 2015) (citing ***Enochs***, 641 F.3d at 159).

More broadly, "[t]he general rule in the Fifth Circuit 'is that a court should decline to exercise jurisdiction over remaining state law claims when all federal law claims are eliminated before trial." ***Est. of Parker***, 278 F. Supp. 3d at 392 (quoting ***Brookshire Bros.***, 554 F.3d at 602). Moreover, because only state law claims remain, the "important interests of federalism and comity" also favor remand. ***Parker & Parlsey Petroleum Co. v. Dresser Indus.***, 972 F.2d 580, 588 (5th Cir. 1992).[9]

Given these circumstances and having determined that Plaintiff's ***Monell*** and 42 U.S.C. § 1983 claims are dismissed for failure to state a claim, the Court finds that both the statutory factors and common law factors disfavor the exercise of supplemental jurisdiction in this case. Therefore, the remaining state law claim(s) are remanded to the Circuit Court of Bolivar County for further proceedings.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's [14] Motion for Leave to Amend Complaint is **DENIED**. Defendants' [4] Motion to Dismiss is **GRANTED IN PART** as to Plaintiff's claims arising under federal law.  Plaintiff's claims under 42 U.S.C. § 1983 are **DISMISSED**. The Court

---

[9] "The federal courts are courts of limited jurisdiction, ***Aldinger v. Howard***, 427 U.S. 1, 14-15, 96 S.Ct. 2413, 2420, 49 L. Ed. 2d 276 (1976), and often are not as well equipped for determinations of state law as are state courts. Aside from the state courts' superior familiarity with their respective jurisdictions' law, the federal courts' construction of state law can be uncertain and ephemeral." ***Pennhurst State School & Hosp. v. Halderman***, 465 U.S. 89, 122 n. 32, 104 S.Ct. 900, 920 n. 32, 79 L. Ed. 2d 67 (1984). "[F]ederal courts are not the authorized expositors of state law; there is no mechanism by which their errors in such matters can be corrected on appeal by state courts." Herbert Wechsler, Federal Jurisdiction and the Revision of the Judicial Code, 13 Law & Contemp. Prob. 216, 232 (1948)(cited in [***United Mine Workers v. Gibbs***, 383 U.S. 715, 726 n. 15, 86 S.Ct. 1130, 1139 n. 15, 16 L. Ed. 2d 218 (1966)] and quoted in [***Financial Gen. Bankshares, Inc. v. Metzger***, 680 F.2d 768, 776, 220 U.S. App. D.C. 219 (D.C. Cir. 1982)]. *See* ***United Gas Pipe Line Co. v. Ideal Cement Co.***, 369 U.S. 134, 135, 82 S.Ct. 676, 677, 7 L. Ed. 2d 623 (1962)(per curiam)(state court defines authoritative meaning of state law)." *Id.* at 588-89.

declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim(s), which are hereby **REMANDED** to the Circuit Court of Bolivar County, Mississippi.

SO ORDERED, this the 8th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE

14